FILED
CLERK, U.S. DISTRICT COURT

6/27/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ CDO _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No.   2:24-cr-00397-SB |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. §§ 2251(d),(e): |
| ALEJANDRO GARCIA ARANDA, | Advertisement of Child |
| aka "valleyhoezzzz818," | Pornography; 18 U.S.C. |
| aka "valleyhoes818," | §§ 2252A(a)(2)(A), (b)(1): |
| aka "valleyhoezzzz818," | Distribution of Child |
| aka "valleyhoezzzz818pt2," | Pornography; 18 U.S.C. § 875(d): |
| aka "valleyhoez818," | Transmitting Threatening |
| aka "valleyhoezzzzz818," | Communications with Intent to |
| aka "SFValley HOES," | Extort; 18 U.S.C. §§ 2253 and |
| aka "VALLEY HOES," | 981(a)(1)(C) and 28 U.S.C. |
| aka "THOTS," | § 2461(c): Criminal Forfeiture] |
| aka | |
| "gettingridofvalleyhoodrats818," | |
| aka "Alex Arranda," | |
| aka "Alex aranda," | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.    Instagram was an online social media and networking

service, operating in interstate and foreign commerce, and owned by

Meta Platforms, Inc.  Instagram allowed users to upload media that could be edited with filters, organized by hashtags (#), and facilitated the sharing of other identified users by their social media handles (@).  Instagram also allowed a user to post a biography of up to 150 characters on the user's profile page.  Instagram also had direct messaging capability where one user could contact another directly.  Finally, Instagram also had a feature called "Stories," which allowed users to take photographs, to add effects and layers, and to share this content with followers for only 24 hours. Photographs or videos posted to a user's story generally disappeared after 24 hours.

2.    Cash App, PayPal, Venmo, and Zelle were mobile payment services, operating in interstate and foreign commerce, that allowed users to transfer money to one another using a mobile phone application.

3.    MEGA was a file hosting service, operating in interstate and foreign commerce, and owned by MEGA CLOUD SERVICES LIMITED, a company based in Auckland, New Zealand.

4.    Defendant ALEJANDRO GARCIA ARANDA, also known as ("aka") "valleyhoezzz818," aka "valleyhoes818," aka "valleyhoezzzz818," aka "valleyhoezzzz818pt2," aka "valleyhoez818," aka "valleyhoezzzzz818," aka "SFValley HOES," aka "VALLEY HOES," aka "THOTS," aka "gettingridofvalleyhoodrats818," aka "Alex Arranda," aka "Alex aranda," registered and used the Instagram handle "valleyhoezzz818" and included the following bio: "Exposing all valley hoes with their @'s beware you may see yo girl on here (SHOUT OUT TO GET ACCEPTED) IFYK OUR BACK UP THEN YOU KNOW."

5.   Using the Instagram account "@valleyhoezzz818," as well as others, defendant ARANDA would obtain, advertise, offer to sell, and disseminate sexually explicit content of his victims – focusing on local girls who attended schools in the San Fernando Valley.

6.   Using Cash App, PayPal, Venmo, and Zelle, defendant ARANDA would receive payments from customers who wanted to obtain sexually explicit content of the victims that he had advertised and offered to sell on the Instagram account "@valleyhoezzz818."

7.   After receiving and confirming payment, using the Instagram account "@valleyhoezzz818," defendant ARANDA would send a direct message to the customer and provide a link to a zip file stored on MEGA containing the sexually explicit photographs of his victims.

8.   When victims who discovered that sexually explicit materials depicting them were being advertised and disseminated by defendant ARANDA, and requested defendant ARANDA to stop and remove them, defendant ARANDA would attempt to extract further additional sexually explicit material from the victim.

9.   These Introductory Allegations are re-incorporated in every count of this Indictment.

1                                    COUNT ONE

2                              [18 U.S.C. §§ 2251(d), (e)]

3        Beginning on or about April 1, 2020, and continuing until at

4   least May 26, 2020, in Los Angeles County, within the Central

5   District of California, and elsewhere, defendant ALEJANDRO GARCIA

6   ARANDA, also known as ("aka") "valleyhoezzz818," aka "valleyhoes818,"

7   aka "valleyhoezzzz818," aka "valleyhoezzzz818pt2," aka

8   "valleyhoez818," aka "valleyhoezzzzz818," aka "SFValley HOES," aka

9   "VALLEY HOES," aka "THOTS," aka "gettingridofvalleyhoodrats818," aka

10  "Alex Arranda," aka "Alex aranda," knowingly made, printed, and

11  published, and caused to be made, printed, and published, a notice

12  and advertisement seeking and offering to receive, exchange, buy,

13  produce, display, distribute, and reproduce any visual depiction

14  whose production involved the use of a minor engaging in sexually

15  explicit conduct, as defined in Title 18, United States Code, Section

16  2256(2)(A), and which visual depiction was of such conduct, knowing

17  and having reason to know that such notice and advertisement would be

18  and was transported using any means and facility of interstate and

19  foreign commerce, including by Instagram, and in and affecting

20  interstate and foreign commerce by any means, including by computer.

21

22

23

24

25

26

27

28

                                        4

1                              COUNT TWO

2                  [18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

3          On or about May 11, 2020, in Los Angeles County, within the

4     Central District of California, and elsewhere, defendant ALEJANDRO

5     GARCIA ARANDA, also known as ("aka") "valleyhoezzz818," aka

6     "valleyhoes818," aka "valleyhoezzzz818," aka "valleyhoezzzz818pt2,"

7     aka "valleyhoez818," aka "valleyhoezzzzz818," aka "SFValley HOES,"

8     aka "VALLEY HOES," aka "THOTS," aka "gettingridofvalleyhoodrats818,"

9     aka "Alex Arranda," aka "Alex aranda," knowingly distributed child

10    pornography, as defined in Title 18, United States Code, Section

11    2256(8)(A), using a means and facility of interstate and foreign

12    commerce, namely, a cell phone and the internet, and which had been

13    shipped and transported in and affecting interstate and foreign

14    commerce by any means, including by cell phone and the internet,

15    knowing that the files were child pornography.

16         The child pornography that defendant ARANDA knowingly

17    distributed included the following:

18         2020-04-24 19.09.53.mov,

19         2020-03-29 16.20.55.mov,

20         2020-05-01 01.10.52.mov, and

21         2020-03-31 21.17.50.jpg.

22

23

24

25

26

27

28

                                    5

COUNT THREE

[18 U.S.C. § 875(d)]

On or about April 9, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant ALEJANDRO GARCIA ARANDA, also known as ("aka") "valleyhoezzz818," aka "valleyhoes818," aka "valleyhoezzzz818," aka "valleyhoezzzz818pt2," aka "valleyhoez818," aka "valleyhoezzzzz818," aka "SFValley HOES," aka "VALLEY HOES," aka "THOTS," aka "gettingridofvalleyhoodrats818," aka "Alex Arranda," aka "Alex aranda," with intent to issue a threat and with knowledge that it would be viewed as a threat, knowingly and with the intent to extort a thing of value, transmitted in interstate and foreign commerce a communication containing a true threat to injure the property and reputation of another, that is, messages to a victim via Instagram Direct Messenger that threatened to post additional sexual content depicting the victim, including:

- "Pop a tit and I'll take it if rn,"
- "I'll just post the other stuff I have then,"
- "Ima have to just repost it and post more stuff about you then,"
- "That's not how it works idgaf how much you beg I told you what to do you lost your chance,"
- "I'll post more of you in a bit Just look for it," and
- "you had your chance."

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 2253]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a)   All right, title, and interest in any visual depiction involved in any such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received and involved in any such offense;

(b)   All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c)   All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property; and

(d)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to

7

the total value of the property described in the preceding paragraph
if, as the result of any act or omission of the defendant, the
property described in the preceding paragraph, or any portion
thereof: (a) cannot be located upon the exercise of due diligence;
(b) has been transferred, sold to or deposited with a third party;
(c) has been placed beyond the jurisdiction of the court; (d) has
been substantially diminished in value; or (e) has been commingled
with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

KATHY YU
Senior Litigation Counsel
Assistant United States Attorney
Violent & Organized Crime Section

10